Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
SILVESTRE GONZALEZ and FABIOLA
GONZALEZ,

                *Plaintiff*,

     -against-

YESHIVA EIMEK HATORAH, YESHIVA
KOLLEL TIFERETH ELIZER,
CONGREGATION TFILA L MOSHE,
AVRUM YEHUDA LOW, HERSH LOW and
DAVID LOW

                *Defendants*.
---------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 22-cv-5551

SILVESTRE GONZALEZ and FABIOLA GONZALEZ ("Plaintiffs") by and through their attorney, Colin Mulholland, Esq., and as against Yeshiva Eimek Hatorah, Yeshiva Kollel Tifereth Elizer, Congregation Tfila L Moshe, Avrum Yehuda Low, Hersh Low And David Low ("Defendants"), allege as follows:

### NATURE OF THE ACTION

1. Plaintiffs are former employees of the YESHIVA EIMEK HATORAH, YESHIVA KOLLEL TIFERETH ELIZER and CONGREGATION TFILA L MOSHE owned and operated by the Defendants AVRUM YEHUDA LOW, HERSH LOW and DAVID LOW.

2. Plaintiffs were employed by Defendants as cooks, maintenance workers, porters, and custodians at the Yeshivas between two facilities operated jointly by the Defendants at 1233 47th Street Brooklyn, NY 11219 and 1227 47th Street Brooklyn, NY 11219.

1

3. At all times relevant to this Complaint, Plaintiff SILVESTRE worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

4. Plaintiffs now bring this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

7. Plaintiff SILVESTRE GONZALEZ ("Plaintiff SILVESTRE") is an adult individual residing in Brooklyn, New York.

8. Plaintiff FABIOLA GONZALEZ is an adult individual residing in Brooklyn, New York.

9. Plaintiffs were employed by Defendants from September 2019 until approximately December 2020.

10. YESHIVA EIMEK HATORAH is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1233 47th Street Brooklyn, NY 11219.

11. YESHIVA KOLLEL TIFERETH ELIZER is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1227 47th Street Brooklyn, NY 11219.

12. CONGREGATION TFILA L MOSHE is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 1317 53rd Street Brooklyn, NY 11219.

13. Defendant AVRUM YEHUDA LOW is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant HERSH LOW is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

14. Defendant AVRUM YEHUDA LOW possess or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

15. Defendant AVRUM YEHUDA LOW had the power to hire and fire employees at YESHIVA EIMEK HATORAH including Plaintiffs.

16. Defendant AVRUM YEHUDA LOW was aware of Plaintiffs' schedule and pay rate and schedule.

17. Defendant AVRUM YEHUDA LOW directed Plaintiffs in their tasks and supervised their activities.

18. Plaintiff SILVESTRE complained directly to Defendant YEHUDA LOW about the lack of overtime pay on several occasions.

19. Defendant AVRUM YEHUDA LOW had the final word on the operations and conditions of employment for Plaintiff as the supervising rabbi in charge of the facilities.

20. Defendant AVRUM YEHUDA LOW had supervised operations at the Yeshiva and directed management in the operation of the facilities including Plaintiffs role in those operations.

21. Defendant HERSH LOW is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant HERSH LOW is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22. Defendant HERSH LOW possess or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

23. Defendant HERSH LOW had the power to hire and fire employees at YESHIVA EIMEK HATORAH including Plaintiff.

24. Defendant HERSH LOW was one of the managers at YESHIVA EIMEK HATORAH and represented himself as such to the Plaintiffs.

25. Defendant HERSH LOW issued payment to Plaintiff.

26. Defendant HERSH LOW supervised Plaintiff on a regular basis at work.

27. Defendant HERSH LOW had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of YESHIVA EIMEK HATORAH and in fact did so.

28. Defendant HERSH LOW actively hired and fired employees.

29. Defendant HERSH LOW established and monitored Plaintiffs' work schedule.

30. Defendant HERSH LOW determined the rates of pay of employees and dictated other terms of their employment at Defendants' business.

31. Defendant DAVID LOW is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant DAVID LOW is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

32. Defendant DAVID LOW possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

33. Defendant DAVID LOW had the power to hire and fire employees at YESHIVA EIMEK HATORAH including Plaintiff.

34. Defendant DAVID LOW was a manager and represented himself as such to the Plaintiff.

35. Defendant DAVID LOW had the power to hire and fire employees, supervised the hiring and firing of employees and dictated other terms of their employment.

36. Defendant DAVID LOW issued payment to Plaintiff.

37. Defendant DAVID LOW supervised Plaintiffs on a regular basis at work.

38. Defendant DAVID LOW regularly assigned Plaintiff his daily tasks and supervised their performance, often by text messages.

39. Defendant DAVID LOW had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of YESHIVA EIMEK HATORAH and in fact did so.

40. Defendant DAVID LOW actively hired and fired of employees.

41. Defendant DAVID LOW established and monitored Plaintiff's work schedule.

42. Defendant DAVID LOW determined the rates of pay of employees and dictated other terms of their employment at YESHIVA EIMEK HATORAH.

## FACTUAL ALLEGATIONS

43. Defendants are associated and joint employers, act in the interest of each other.

44. The Defendants jointly operated between two adjacent building and shared a commonality of management, operation, staff and supplies that were indistinguishable.

45. Defendants share common operations and acted jointly in the operation of YESHIVA EIMEK HATORAH and related entities.

46. Each Defendant possessed substantial control over Plaintiffs' working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiffs.

47. Defendants jointly employed Plaintiffs and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

48. In the alternative, Defendants constitute a single employer of Plaintiffs.

49. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

50. Upon information and belief, in each year from 2019 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

51. Defendants operated as a school, inter alia, and thus are named enterprises under the FLSA.

52. Defendants were each experienced business owners and had full knowledge of the pay and notice requirements under federal and state law.

53. Plaintiff SILVESTRE regularly complained to Defendants that he was not being paid proper overtime or minimum wages, inter alia.

54. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiffs.

55. In addition, Defendants and/or their enterprise utilized goods used in interstate commerce. For example, numerous items and equipment utilized by Plaintiffs were produced outside the State of New York including but not limited to cleaning supplies, food and tools as well as garbage and recycling sent into interstate channels, *inter alia*.

56. Likewise, Plaintiffs were individually engaged in interstate commerce. Plaintiffs regularly used cleaning and food supplies from out of state and serviced out of state customers/clients, and dispatched garbage and recycling into interstate channels, inter alia.

57. Defendants employed more than 11 employees at all relevant times.

*Plaintiff SILVESTRE GONZALEZ*

58. Plaintiff SILVESTRE was employed by Defendants at YESHIVA EIMEK HATORAH from September 2019 until December 2020.

59. Plaintiff SILVESTRE work duties required neither discretion nor independent judgment.

60. Plaintiff SILVESTRE was closely supervised and directed by Defendants in the scope of his tasks.

61. Plaintiff SILVESTRE regularly worked in excess of 40 hours per week.

62. From approximately September 2019 through December 2020, Plaintiff SILVESTRE typically worked seven (7) days a week at the following typical schedule:

   i. Monday: 9:00 A.M. until between 9:30 P.M. and 10:00 P.M.

   ii. Tuesday: 9:00 A.M. until between 9:30 P.M. and 10:00 P.M.

   iii. Wednesday: 9:00 A.M. until between 9:30 P.M. and 10:00 P.M.

   iv. Thursday: 9:00 A.M. until between 9:30 P.M. and 10:00 P.M.

   v. Friday: 10:00 A.M. until 7:00 P.M. then a second brief shift from 11:00 P.M. to 1:00 A.M.

   vi. Saturday: 11:00 P.M. to 4:00 A.M.

   vii. Sunday: 8:00 A.M. to 10:00 A.M. then a second shift from 4:00 P.M to 9:00 P.M.

63. On Saturday Plaintiff SILVESTRE worked from 11:00 P.M. to 4:00 A.M. if there were not any events. If there were events, Plaintiff SILVESTRE had to work from 11:00 A.M. to 4:00 or 5:00 A.M., 5:00 P.M. to 8:00 P.M. and 11:00 P.M. to 4:00 A.M.

64. From September 2019 until the end of his employment December 2020, the Defendants paid the Plaintiff a weekly salary of $885 without a premium for his overtime hours.

65. Defendants paid Plaintiff SILVESTRE every (3) weeks to four (4) weeks.

66. Plaintiff SILVESTRE did not work for a month and a half in March of 2020.

67. Defendants never provided Plaintiff SILVESTRE with each payment of wages a proper statement of wages, as required by NYLL 195(3).

68. Defendants never provided Plaintiff SILVESTRE, a proper notice in English and in Spanish (Plaintiff SILVESTRE'S primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69. Defendant never issued Plaintiff SILVESTRE spread of hours payments for shifts

when Plaintiff worked over ten (10) hours in a 24-hour period.

### *PLAINTIFF FABIOLA GONZALEZ*

70. Plaintiff FABIOLA was employed by the Defendants only on weekends to work alongside her husband Plaintiff SILVESTRE from September 2019 to December 2020.

71. Plaintiff FABIOLA worked for the benefit of the Defendants without any renumeration.

72. Plaintiff FABIOLA'S work duties required neither discretion nor independent judgment.

73. Plaintiff FABIOLA was closely supervised and directed by Defendants in the scope of her tasks.

74. Plaintiff FABIOLA worked on Saturday and Fridays as the same schedule as her husband on Saturday from 11:00 P.M. to 4:00 A.M. and on Fridays from 10:00 A.M. until 7:00 P.M. then a second brief shift from 11:00 P.M. to 1:00 A.M.

75. On Saturday, Plaintiff FABIOLA worked from 11:00 P.M. to 4:00 A.M. if there were not any events. If there were events, Plaintiff FABIOLA had to work from 11:00 A.M. to 4:00 or 5:00 A.M., 5:00 P.M. to 8:00 P.M. and 11:00 P.M. to 4:00 A.M.

76. Plaintiff FABIOLA did not work for a month and a half in March of 2020.

77. Defendants never provided Plaintiff FABIOLA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

78. Defendants never provided Plaintiff FABIOLA, a proper notice in English and in Spanish (Plaintiff FABIOLA'S primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

79. Defendant never issued Plaintiff FABIOLA spread of hours payments for shifts

when Plaintiff worked over ten (10) hours in a 24-hour period.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

81. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

82. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

84. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

86. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90. Plaintiffs were damaged in an amount to be determined at trial.

91.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

92. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

93. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

94. Defendants' failure to pay Plaintiff SILVESTRE overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95. Plaintiff SILVESTRE was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

96. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

97. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

98. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

99. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

100. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

101. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102. Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

103. Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful and not in good faith within the meaning of New York Lab. Law § 663.

104. Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

105. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106. Defendants failed to provide Plaintiffs with a written notice, in English and in

12

Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

107. Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

108. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

109. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

110. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNPAID WAGES UNDER THE NYLL

111. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

112. Defendants failed to pay completely Plaintiffs for some of their work.

113. Defendants violated the NYLL by failing to pay Plaintiffs for his last few weeks of work.

114. Defendants failed to pay Plaintiff FABIOLA entirely for any of her work.

115. Defendants' failure to pay Plaintiff was willful malicious and/or not in good faith.

116. Plaintiffs were damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNPAID AND LATE WAGES UNDER NYLL ARTICLE 6 AND ARTICLE 19

117. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

118. Defendants regularly paid Plaintiff SILVESTRE in monthly and irregular increments over the course of his employ.

119. Defendants failed to pay Plaintiff FABIOLA entirely for her work.

120. Defendants violated the NYLL by failing to timely pay Plaintiff for his work under NYLL Section *19 et seq*.

121. Defendants failure to pay Plaintiff was willful malicious and/or not in good faith.

122. Plaintiff was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## FAILURE TO PAY CALL-IN PAY

123. Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as if set forth fully herein.

124. Defendants are each and together employers under the New York Labor Law Section 190.

125. At all relevant times, Plaintiffs were each an employee.

126. Defendants willfully violated Plaintiffs' rights under the Minimum Wage Order of the NYLL by failing to pay either of them for at least four (4) hours for the time worked at Defendants' request while Plaintiff was on-call outside normally scheduled working hours.

127. As a result of Defendants' failure to pay call-in pay, Plaintiff suffered damages in an amount to be determine at trial and is entitled to recover such amount along with prejudgment and post judgment interest, attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiffs;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs;

(d) Awarding Plaintiffs' damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiffs liquidated damages in an amount equal to 100% of their

damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiffs;

  (g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

  (h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiffs;

  (i) Awarding Plaintiffs' damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

  (j) Awarding Plaintiffs' damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (k) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

  (l) Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

  (m) Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

  (n) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
September 16th, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiffs*